UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | 15-83-SDD-EWD |
| KELLY D. WILLIAMS | |

### RULING

This matter is before the Court on a *Motion for Compassionate Release*[1] filed by Defendant, Kelly D. Williams ("Williams"). The Government has filed an opposition[2] to this motion. For the following reasons, Williams' motion is denied.

**I.   BACKGROUND**

On August 20, 2015, Williams was indicted in 33 counts of an 88 count superseding Indictment.[3] On January 5, 2016, Williams entered into a plea agreement on Count 1, conspiracy to distribute and to possess with the intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846; Count 5, distribution of 28 grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1); Count 10, distribution of oxycodone, in violation of 21 U.S.C. § 841 (a)(1); Count 11, conspiracy to acquire controlled substances by fraud, in violation of 21 U.S.C. § 846 & 18 U.S.C. § 2; and Counts 24, 29, 32, 44, 56, and 75, unlawful use of a communications facility, in violation of 21 U.S.C. §

---

[1] R. Doc. 1967.
[2] R. Doc. 1980.
[3] R. Doc. 336.

843(b).[4] On June 27, 2019, Williams appeared for sentencing.[5] For oral reasons assigned, the Court sentenced Williams to a total of 262 months.[6] Williams is currently incarcerated at FCI Butner Medium with a projected release date of February 2, 2034.[7]

Williams filed an administrative request with the warden of FCI Butner Medium on August 13, 2020 seeking compassionate release due to his type 2 diabetes.[8] Williams now moves for a reduction in sentence to time served pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).[9] Williams contends that COVID-19 could possibly convert his incarceration into a "death sentence" due to his diabetes, obesity, high blood pressure and neuropathy."[10] Williams claims that, if released, he will reside next door to his mother in Baton Rouge and obtain employment with a former employer as a dump truck driver.[11]

The Government opposes Williams's motion.[12] The Government contends that Williams has exhausted his administrative remedies only with respect to the condition that was listed in his administrative request- type 2 diabetes. The Government acknowledges that Williams' type 2 diabetes places him at a higher risk for a severe COVID-19 outcome according to the CDC.[13] The Government notes that Williams has shown poor compliance during incarceration with his diabetes medication and appointments. The Government also contends that Williams has failed to demonstrate that the Section 3553(a) factors support his release.[14] The Government urges this Court

---

[4] R. Doc. 545; 1834.
[5] R. Doc. 1834.
[6] R. Doc. 1834.
[7] *See* BOP Inmate Locator, https://www.bop.gov/inmateloc/.
[8] R. Doc. 1967-1, p. 2.
[9] R. Doc. 1967; 2001.
[10] R. Doc. 1967, p. 1.
[11] R. Doc. 2001, pp. 9-10.
[12] R. Doc. 1962.
[13] R. Doc. 1980, p. 13.
[14] R. Doc. 1980, p. 15-20.

2

exercise its discretion and deny compassionate release, emphasizing the serious nature of Williams' crimes.

Williams filed a *Reply* to the Government's arguments.[15] Williams disputes the Government's argument that the court cannot consider any condition other than his diabetes, pointing out that the BOP's response to his administrative request indicates that a global review of all of his medical conditions was conducted prior to denying his request.[16] Williams further argues that the § 3553(a) factors should not override the dangerousness of COVID-19 and asks the Court to consider his "exemplary rehabilitative process in prison" and "spotless discipline record."[17]

## II.  LAW AND ANALYSIS

### A. Exhaustion

The compassionate release statute states, in pertinent part:

> the court may not modify a term of imprisonment once it has been imposed except that ... the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that ... extraordinary and compelling reasons warrant such a reduction.[18]

The statute therefore provides two routes whereby a defendant's motion can be brought

---

[15] R. Doc. 2001.
[16] R. Doc. 2001, pp. 3-4.
[17] R. Doc. 2001, p. 7.
[18] 18 U.S.C. § 3582(c)(1)(A)(i) as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

3

properly before the court. Both routes begin with the defendant requesting that the Bureau of Prisons "bring a motion on the defendant's behalf."[19]

The Government concedes that Williams has exhausted his claim with respect to his type 2 diabetes, but argues that his other medical conditions are not exhausted because they do not appear on his administrative request.[20] Williams filed an administrative request with the warden for compassionate release specifically listing type 2 diabetes. The denial of his request stated, "Although you have medical conditions, you do not have a debilitating medical condition."[21] This response suggests that the BOP considered all of Williams' conditions prior to declining his request and did not limit their inquiry to his type 2 diabetes. As discussed below, because the Court is exercising its discretion and denying compassionate release based on the §3553(a) factors, we pretermit a discussion of whether Williams' administrative request and the BOP's response thereto was sufficient to exhaust Williams' administrative remedies for medical conditions other than type 2 diabetes.

### B. Extraordinary and Compelling Reasons

28 U.S.C. § 994(t) provides: "The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.

The Sentencing Guidelines policy statement appears at § 1B1.13 and provides that the Court may grant release if "extraordinary and compelling circumstances" exist,

---

[19] *Id.*
[20] R. Doc. 1980, pp. 7-8.
[21] R. Doc. 1967-1, p. 3.

4

"after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable," and the Court determines that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." Additionally, in application note 1 to the policy statement, the Commission identifies the "extraordinary and compelling reasons" that may justify compassionate release. The note provides as follows:

> 1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A) Medical Condition of the Defendant.—
>
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is—
>
> (I) suffering from a serious physical or medical condition,
> (II) suffering from a serious functional or cognitive impairment, or
> (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances.—
>
> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
> (ii) The incapacitation of the defendant's spouse or registered partner

5

>    when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

Generally, the defendant has the burden to show circumstances meeting the test for compassionate release.[22]

The Court acknowledges that, if an inmate has a chronic medical condition that has been identified by the Centers for Disease Control and Prevention ("CDC") as elevating the inmate's risk of becoming seriously ill from COVID-19, that condition may satisfy the standard of "extraordinary and compelling reasons" where such a condition is found to "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility," even if that condition would not have constituted an "extraordinary and compelling reason" absent the risk of COVID-19.[23] However, the Court finds that Williams has failed to present evidence of extraordinary and compelling reasons to justify his requested relief. Williams has presented evidence that he has type 2 diabetes and obesity, which have been identified by the CDC as elevating the risk of serious illness for COVID-19,[24] but there is no evidence that these conditions have diminished Williams' ability to provide self-care within the facility. Indeed, "[t]he Court cannot release every prisoner at risk of contracting COVID-19 because the Court would then be obligated to release every prisoner."[25]

The Fifth Circuit in *United States v. Chambliss* held, "compassionate release is

---

[22] *United States v. Heromin*, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019).
[23] *See* U.S.S.G. § 1B1.13, comment. (n.1(A)(ii)(I)).
[24] https://www.cdc.gov/media/releases/2020/p0625-update-expands-covid-19.html; R Doc. 1983 (sealed).
[25] *United States v. Wright*, 2020 WL 1976828, *5 (W.D. La. Apr. 24, 2020).

discretionary, not mandatory, and could be refused after weighing the sentencing factors of 18 U.S.C. § 3553(a)."[26] *Chambliss* makes clear that it must also consider the § 3553(a) factors (to the extent applicable), and these weigh against compassionate release. Even if Williams could prove that his medical condition(s) qualified as "extraordinary and compelling," the Court will exercise its discretion and deny compassionate release.

During his sentencing, the Court reflecting upon the seriousness of Williams' crimes, noting that he was the head of an organization that distributed an "astounding" quantity of drugs. Williams used his talents to violently harm the community, threatened to kill people, and asked others to kill people. The Court sentenced Williams at the high end of the guideline range due to the violent nature of his behavior.[27] The sentence imposed should reflect the seriousness of the offense, afford adequate deterrence, and protect the public from further crimes of the defendant; this is the reason why this Court imposed the sentence it did, and the Court believes that granting Williams compassionate relief would undermine those goals.

---

[26] *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).
[27] R. Doc. 1834.

## III. CONCLUSION

Williams failed to present sufficient evidence to establish that there is an extraordinary and compelling reason for reducing his sentence, as he failed to satisfy any of the criteria in § 1B1.13. Finally, even if Williams had shown an extraordinary and compelling reason, the Court would exercise its discretion to decline the motion. Accordingly,

**IT IS HEREBY ORDERED** that the *Motion for Compassionate Release* (Rec. Doc. 1967), filed by Defendant, Kelly D. Williams, is **DENIED**.

Signed in Baton Rouge, Louisiana on February 5, 2021.

*/s/ Shelly D. Dick*

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**